## JOHN P. HIGGINS *against* JOHN CALLAHAN,

ET AL.

An action will lie to recover costs of motion imposed by an order.
Such action will lie against one who was a party to the motion, though
. he may not have been a party to the action.

The complaint charges that on May 26, 1877, the plaintiff's assignors recovered a judgment in this court against one Daniel McGuire ; that thereafter and in January, 1880, said McGuire made a motion to have the judgment satisfied of record ; that in said motion the defendants John Callahan and Thomas McGuire, who were sureties on a limit bond in said action, joined with the said Daniel ; that their motion was granted, whereupon the plaintiff's assignors (the judgment creditors) appealed to the general term of this court, which reversed the order appealed from, and directed the defendants to pay certain costs and disbursements, which were taxed at $55.37.   A copy of the order was served upon the defendants, who refused to pay, whereupon the plaintiff (to whom the judgment creditors transferred their claim) brought this action to recover the aforesaid amount.

The defendants, John Callahan and Thomas Mc-Guire, demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.   The judge at special term sustained the demurrer, and directed judgment for the defendants, from which the plaintiff appeals.

*J. B. Leavitt*, for plaintiff and appellant.

*Beach & Brown*, for respondent.

McADAM, J.—The rule of the general term is not a final judgment, but belongs to a class of orders known as interlocutory or collateral. The arguments of counsel concede that, after final judgment, there is no statutory mode of enforcing such orders, either by precept, attachment or execution. This circumstance furnishes strong reason why a recovery by action thereon should be allowed.

The English cases which disapprove of actions founded upon interlocutory orders for costs only (2 *H. Bl.* 251 ; 4 *Taunt.* 706 ; 2 *Ellis & B.* 14 ; 2 *Com. B. N. S.* 211) were put upon the ground that there was another remedy for the collection of such costs—*i. e.*, by process of attachment—and that it was therefore inexpedient to allow of their recovery by an independent action. The parties concede here that the plaintiff has no such summary remedy ; and where there is no other mode of redress the action is maintainable on the promise which the law implies from the obligation to pay. These views are in accord with those expressed by NELSON, Ch. J., in McDougall v. Richardson (3 *Hill*, 559), wherein that learned justice says : "It is clear, upon general principles, that the order furnishes a sufficient foundation for the suit. It is evidence of a legal liability determined by a court of competent power, and debt is the proper form of action to enforce it." The common pleas, general term, has held that an action would lie to recover the costs and expenses of dispossessing a tenant (Crane v. Hardmann, 4 *E. D. Smith*, 339).

The action was founded upon the magistrate's warrant of dispossession, which is the final order in those proceedings. Upon principle and authority the action is maintainable. The amount of costs was fixed by the final order of the court, and the fact that the clerk assisted the court in arriving at the amount does not invalidate the order. If the order was on that account

irregular, it should have been attacked by motion specifying the irregularity complained of, and the error might have been corrected. Demurrer was not the mode of reaching what is at most an error of practice. The plaintiff was, in any event, entitled to $10 costs by statute, so that we cannot hold that the plaintiff fails to allege any cause of action. Under the circumstances, the special term judge erred in sustaining the demurrer, and the judgment entered upon his order must be reversed, with costs ; and judgment on the demurrer ordered for the plaintiff, with costs, and with liberty to the defendants to withdraw their demurrer and answer over, upon payment within six days of the costs and disbursements of this appeal, and $20, the costs of an issue of law.

If the defendants do not avail themselves of this liberty, judgment absolute may be entered upon the demurrer, with costs.

This decision was affirmed by the New York common pleas, general term.